Alisa A. Martin, State Bar No. 224037
**AMARTIN LAW, PC**
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: (619) 308-6880
Facsimile: (619) 308-6881
alisa@amartinlaw.com

**BRENNAN & DAVID LAW GROUP**
Lindsay David, SBN 283267
2888 Loker Avenue East, Suite 302
Carlsbad, CA 92010
Telephone: (760) 730-9408
Facsimile: (760)888-3575
lcdavid@brennandavid.com

*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT CALIFORNIA**

| | |
|---|---|
| Antonia Burrell, on behalf of herself, the General Public, and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>IKEA US RETAIL LLC, a Virginia Corporation, and IKEA NORTH AMERICA SERVICES, LLC, a Virginia Corporation,<br><br>　　　　Defendant. | CASE NO.: **'19CV929 JLS BLM**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF CALIFORNIA CIVIL CODE SECTION 1747.08 [SONG-BEVERLY CREDIT CARD ACT OF 1971]** |

## I. INTRODUCTION

**1.** California Civil Code section 1747.08 generally states that when a merchant is engaged in a retail transaction with a customer, the merchant may not request personal identification information from a customer paying for goods with a credit card, and then record that personal identification information upon the credit card transaction form or otherwise.[1]

**2.** Defendants Ikea US Retail Services LLC and Ikea North America Services LLC (hereinafter, "Defendants" or "IKEA") operate retail stores in California and is engaging in a pattern of unlawful and deceptive business practices by utilizing a policy whereby IKEA's employees request and record personal identification information (i.e. zip codes) and credit card numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments.

**3.** On information and belief, IKEA uses the zip codes for marketing purposes since credit card companies do not require zip codes or any other personal identification information to complete in-person credit card transactions. and the zip codes and credit card numbers are accessible to IKEA's employees and lack proper security and safeguards.

---

[1] California Civil Code section 1747.08 states in relevant part:
"(a) Except as provided is subdivision (c), no person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall do any of the following:
   (1) Request, or require as a condition to accepting the credit card as payment in full or in party for goods or services, the cardholder to write any personal identification information upon the credit card transaction form or otherwise.
   (2) Request, or require as a condition to accepting the credit card as payment in full or in party for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.
   (3) Utilize, in any credit card transaction, a credit card form which contains preprinted spaces specifically designated for filling in any personal identification information of the cardholder.
(b) For purposes of this section "personal identification information" means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number."

-1-
COMPLAINT

**4.** In addition, IKEA requires customers to verbally provide their zip codes, which further enhances the likelihood of identify theft and credit card fraud.

**5.** This action arises from IKEA's violations of California Civil Code section 1747.08, by and through IKEA's policy of practice of requesting and recording Plaintiff's and putative class members' zip codes in conjunction with credit card transactions during the point-of-sale process at IKEA's retail establishments, during the period of time beginning one year prior to the filing of this Complaint and continuing through the present (herein referred to as the "Liability Period" or "Class Period"), when such information is not required for a special purpose incidental but related to the individual credit card transaction, including, but not limited to, information relating to shipping, delivery, servicing, or installation of the proposed merchandise, or for special orders.

**6.** Plaintiff does not seek any relief greater than or different from the relief sought for the class of which Plaintiff is a member. If successful, this action will enforce an important right affecting the public interest and will confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and avoids placing a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

## II.   JURISDICTION AND VENUE

**7.** This Court has jurisdiction over IKEA pursuant to 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, the Class Action Fairness Act of 2005, because the amount in controversy exceeds $5 million and because minimum diversity is met since at least one party is diverse from Beacon.

**8.** This Court has jurisdiction over IKEA because IKEA intentionally avails itself of the consumer markets within the County of San Diego, State of California, including the City of San Diego.

## III.   THE PARTIES

**9.** Plaintiff, Antonia Burrell, is a consumer who, during the Liability

Period, entered into retail purchase transaction at Defendant's store in California, with a personal credit card, and was requested to provide her zip code in conjunction with the credit card transaction by Defendant's cashier at the point of sale. Her transaction did not involving shipping, delivery, servicing, installation or a special order; instead the transaction involved a "take away" or "take with" item sold by Defendant. Plaintiff provided her zip code, which the clerk recorded into Defendant's electronic database at the point of sale.

**10.** IKEA sells products within California and accepts credit cards as a payment option for its customers.

**11.** At all times herein mentioned, Defendants, and each of them, was an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendant, and ratified, approved, joined in, acquiesced, and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

**12.** Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendant in breaching their obligations to Plaintiff and the class, as alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/her/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

## IV. CONDUCT GIVING RISE TO THE VIOLATIONS OF LAW

**13.** As specified above, during the Liability Period, Plaintiff entered into a retail purchase transaction using a personal credit card at an IKEA store in California, which did not involve shipping, delivery, installation or a special order.

1 **14.** However, as part of IKEA's policy of collecting personal identification information in conjunction credit card purchase transactions, IKEA's cashier asked Plaintiff for her zip code.

**15.** Believing she was required to comply with the request in order to complete the transaction, Plaintiff provided her zip code and IKEA's cashier recorded it. Plaintiff would not have given her zip code if she had been aware it was not required to complete the transaction.

**16.** Because Plaintiff provided her zip code verbally, she experienced an actual risk to theft of her personal information. Plaintiff would not have experienced this real risk but for Defendants unlawfully requesting her personal information.

**17.** IKEA's conduct expressly violated Civil Code section 1747.08(a)(2).

**18.** Section 1747.08(c) provides that the prohibition against requesting and recording personal identification information in connection with credit card transactions does not apply to credit card transactions involving a deposit to secure payment in the event of default, loss, damage, or other similar occurrence; for cash advance transactions; if the retailer is contractually obligated to provide personal identification information in order to complete the credit card transaction or is obligated to collect and record the personal identification information by federal law or regulation; or if personal identification information is required for any special purpose incidental but related to the credit card transaction, such as for information related to shipping, delivery, servicing, installation or for a special order.

**19.** Plaintiff's transactions as alleged herein did not involve any of the exceptions under Section 1747.08(c).

**20.** Liability under Section 1747.08 is established simply by requesting and recording personal identification information, which includes zip codes, from a customer paying by credit card. *Pineda v. Willaims-Sonoma Stores, Inc.,* 51

Cal.4th 524, 528 (2011); s*ee also Florez v. Linens 'N Things,* 108 Cal.App.4th 447. 451-453 (2003).

21. There is no exception under Section 1747.08 for marketing or advertising purposes. To the contrary, under Section 1747.08, it is prohibited to request personal identification information, and record it, even if request was made only for marketing and/or advertising purposes. *Florez v. Linens 'N Things,* 108 Cal.App.4th at 451-453.

22. The penalty for violating Section 1747.08 is up to two-hundred fifty dollars ($250) for the first violation and up to one thousand dollars ($1,000) for each subsequent violation, to be assessed and collected in a civil action under this statute by, *inter alia*, the person paying with the credit card.

V. **PLAINTIFF'S CLASS ACTION ALLEGATIONS**

23. This lawsuit is brought on behalf of an ascertainable statewide class, pursuant to Federal Rule of Civil Procedure 23, consisting of:

> All Ikea customers who were requested or required to provide, and did provide and had recorded, their personal identification information (which includes, but is not limited to, a customer's address, ZIP code, telephone number, and/or email address), during a credit card transaction at an Ikea store in California [during the Class Period], and who took all of their purchases with them at the conclusion of the transaction.

24. The members of the class are so numerous that joinder of all members is impractical. While the exact number of class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by IKEA and its agents.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impractical, the likelihood of individual class members prosecuting separate claims is remote and individual class members do not have significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the class as a

x

whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

26. There is a well-defined community of interest among the members of the class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the class, and Plaintiff can fairly and adequately represent the interests of the class.

27. Common questions of law and fact exist as to all members of the class and predominate over any questions affecting solely individual members of the class. Among the questions of law and fact common to the class are:

   a. whether each class member engaged in a credit card transaction with IKEA;
   b. whether IKEA requested personal identification information and recorded the personal identification information of the cardholder, in conjunction with credit card transactions with class members;
   c. whether IKEA's conduction of requesting the cardholder to provide personal identification information in conjunction with certain non-exempt credit card transactions and recording the personal identification information of the cardholder constitutes violations of Section 1747.08;
   d. whether Plaintiff and the class are entitled to civil penalties, and the proper amount of civil penalties to be paid to class members.

28. Plaintiff's claims are typical of those of the other class members because Plaintiff like every other class member, was exposed to virtually identical conduct and its entitled to civil penalties in amounts up to one thousand dollars ($1,000) per violation pursuant to Section 1747.08(e).

**29.** Plaintiff can fairly and adequately represent the interests of the class, plaintiff has no conflicts of interest with other class members, and Plaintiff has retained counsel competent and experiences in class action and civil litigation.

## VI.   CLAIM

### VIOLATION OF CALIFORNIA CIVIL CODE § 1747.08
### [SONG-BEVERLY CREDIT CARD ACT OF 1971]

**30.** Plaintiff refers to and incorporates by reference each and every paragraph above as though set forth fully herein.

**31.** Section 1747.08 prohibits any person, firm, association, or corporation, which accepts credit cards for the transaction of business, from requesting the cardholder to provide personal identification information.

**32.** During credit card transactions between IKEA and its consumers at California stores during the Liability Period, IKEA's cashiers requested and recorded zip codes from customers using credit cards at the point-of-sale in IKEA's retail establishments during transactions not involving shipping, delivery, servicing or installation of the purchased merchandise, or for special orders.

**33.** It is and was IKEA's routine business to request zip codes from every person who, while using a credit card, purchased any product from any of IKEA's California stores during transactions not involving shipping, delivery, servicing or installation of the purchased merchandise, or for special orders.

**34.** Due to IKEA's violations as set forth herein, Plaintiff and the class are entitled to civil penalties in amounts up to one thousand dollars ($1,000) per violation pursuant to Section 1747.08(e).

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF AND THE PUTATIVE CLASS PRAY for judgment against IKEA as follows:

**35.** That the Court certifies this as a class action;

**36.** For an award to Plaintiff and to each member of the class the civil

penalty to which she or she is entitled under California Civil Code section 1747.08(e);

**37.**   For distribution of any moneys recovered on behalf of the class of similarly situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent IKEA from retaining the benefits of their wrongful conduct;

**38.**   For an award of attorneys' fees as authorized by statute including but not limited to, the provisions of California Code of Civil Procedure section 1021,5, and as authorized under the "common fund" doctrine;

**39.**   For costs of the suit;

**40.**   For prejudgment interest at the legal rate;

**41.**   And for such other relief as the Court may deem proper.

Dated:  May 17, 2019                              Respectfully Submitted,

 */s/ Lindsay David*
LINDSAY C. DAVID
2888 Loker Avenue East, Suite 302
Carlsbad, CA 92010
Telephone: (760) 730-9408
Facsimile:  (760) 888-3575

*Attorneys for Plaintiff and the Class*